UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KATHARINE LEWIS, et al.,

      Plaintiffs,

      v.

TRAVELERS CASUALTY
INSURANCE COMPANY,

      Defendant.

CIVIL ACTION NO. 3:25-CV-02004

(SAPORITO, J.)

## MEMORANDUM

The plaintiffs, Katharine Lewis and James Murphy, commenced this action on October 24, 2025, against Travelers Casualty Insurance Company ("Travelers"), seeking underinsured motorist benefits under the terms of a Travelers insurance policy ("Policy"). (Doc. 1). On November 12, 2025, Travelers filed a motion to dismiss, or in the alternative, compel arbitration and stay proceedings under Rule 12(b)(6) of the Federal Rules of Civil Procedures. (Doc. 3). The motion has been briefed by the parties (Doc. 4; Doc. 7; Doc. 8; Doc. 10) and the matter is ripe for review.

## I.    Background[1]

On October 24, 2023, Ms. Lewis was operating her 2001 Ford Mustang in Wilkes-Barre Township, Pennsylvania, when an unknown driver of a vehicle suddenly struck Ms. Lewis's vehicle from behind. At the time of the accident, the plaintiffs held an insurance policy for their vehicle with Travelers (Policy # 601905575 203 11), which included: (1) Full tort insurance coverage; (2) underinsured motorist coverage in the amount of $100,000; (3) uninsured motorist coverage in the amount of $100,000; and (4) stacked vehicle coverage with five vehicles on the policy. The unknown driver proceeded to flee the scene of the collision. The plaintiffs, to this date, have not identified the unknown driver that caused the hit-and-run accident. Due to that collision, the plaintiffs allege that Ms. Lewis suffered bodily injuries, such as post-concussion syndrome, posttraumatic headaches, and cognitive impairment.

On the surface, this action concerns a dispute between the plaintiffs and Travelers regarding the damages sustained by Ms. Lewis. The plaintiffs believe that they are entitled to "the full payment of stacked coverage of either uninsured motorist coverage and/or underinsured

---

[1] The facts are taken from the plaintiffs' complaint. (Doc. 1).

motorist coverage." (Doc. 1, ¶ 19, 21). Travelers believes that the plaintiffs are entitled to a lesser amount under the Policy. (Doc. 4, at 3). But the current motion before the Court concerns the arbitration provision contained in the Policy. Travelers has moved for dismissal, seeking to enforce its written demand for arbitration under the terms of the agreed-upon Policy. The plaintiffs, however, contend that the specific language in the Policy is permissive, rather than mandatory, after a party makes a written demand to arbitrate.

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Moreover, "a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Courts may consider the facts alleged on the face of the complaint in addition to "documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). While it must accept all allegations in the complaint as true, the Court does not have to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

## III.   Discussion

As we noted above, the question before the Court is whether the plaintiffs' claim must be arbitrated when Traveler's made a written demand for arbitration under the terms of the Policy.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, "establishes a strong federal policy in favor of compelling arbitration over litigation." *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000). It provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (citing 9 U.S.C. § 2). The FAA "requires courts to enforce [arbitration agreements] according to their terms." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010).

- 4 -

"Like other contracts, however, they may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id.* (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

When deciding whether to enforce an arbitration agreement, courts must determine (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement. *Trippe Mfg. Co. v. Niles Audio Corp.,* 401 F.3d 529, 532 (3d Cir. 2000). In determining whether a valid arbitration agreement exists, courts look to ordinary state law principles of contract formation. *Kirleis v. Dickie, McCamey & Chilcote, P.C.,* 560 F.3d 156, 160 (3d Cir. 2009). If the court finds an arbitration agreement to be valid and enforceable, the parties thereto are entitled to a stay pending arbitration. 9 U.S.C. § 3. The FAA requires a stay even when a party moves to dismiss. *Quilloin v. Tenet HealthSystem Philadelphia, Inc.,* 673 F.3d 221, 327 n.2 (3d Cir. 2012).

Here, the plaintiffs do not contest that the Policy contains a valid arbitration clause or that the dispute falls within the scope of that provision. Rather, as we noted before, the plaintiffs argue that the arbitration provision is permissive, not mandatory, because it states that

either party *"may"* make a written demand for arbitration. *See* (Doc. 13, at 18). But:

> Pennsylvania courts have addressed this precise interpretation issue and have 'repeatedly rejected' the argument, advanced by Plaintiff, that 'the use of the word "may" automatically renders an arbitration clause permissive. *Brown v. City of Philadelphia*, 2010 WL 4484630, [at] *5 (E.D. Pa. Nov. 9, 2019) (relying on *D & H Distrib. Co. v. Nat'l Union Fire Ins.*, 817 A.2d 1164, 1169 (Pa. Super. Ct. 2003)). The arbitration provision in *D & H Distrib. Co.* was similar to the provision at issue here, providing that if the amount of damages was disputed, "either party may make a written demand for arbitration" and that "[i]n this event, either party will select an arbitrator." *D & H Distrib. Co.*, 817 A.2d at 1169. The Pennsylvania Superior Court clarified that it does not distinguish between "may" or "shall" in this context, but generally recognizes that "the language permitting either party to demand arbitration operates to require the parties to submit to arbitration, as it clearly demonstrates that the parties contemplated the use of arbitration proceedings as the forum for resolution of disputes." *Id.* Rather, the use of "may" shows that the parties "entered into an agreement to arbitrate disputes at either party's choosing" and that either party may choose to abandon their claim rather than arbitrate. *Id.*; *see also United Steelworkers v. Fort Pitt Steel Casting*, 598 F.2d 1273 (3d Cir. 1979) (holding provision that parties "may" demand arbitration rendered arbitration mandatory). Therefore, once a valid written demand is made, the claim must be arbitrated. *See D & H Distrib.* Co., 817 A.2d at 1170 (holding clause made arbitration "compulsory at the request of either party").

*White v. Travelers Ins. Co.*, No. CV 20-2928, 2020 WL 7181217, at *3

(E.D. Pa. Dec. 7, 2020). In light of this foundation, because Travelers made a written demand for arbitration for the plaintiff's claim, the demand renders arbitration mandatory. The plaintiffs' claims will therefore be stayed pending arbitration.[2]

## IV.  Conclusion

For the foregoing reasons, we find that the plaintiffs must arbitrate their claim, and accordingly, the plaintiffs' action against Travelers is stayed pending arbitration.

An appropriate order follows.

Dated: May 14, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

---

[2] The plaintiffs also argue that Travelers waived its ability to invoke the arbitration clause in the Policy because it filed for arbitration after the plaintiffs initiated this action. The plaintiffs, however, have failed to direct us to any legal support for this assertion and we have not identified any case law to support it as well.